FOURTH DEPARTMENT, SEPTEMBER, 1935.

JAMES O. SEBRING, Appellant, v. ARTHUR SCOTT BURDICK and Others, Defendants, Impleaded with THELMA LACLAIRE HAFLETT, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order dismisses the complaint as against defendant, respondent, Haflett in an action to recover for services on the ground that the matter has been adjudicated in a previous action.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

ROSE ZITO, Respondent, v. JOSEPH ZITO, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order grants motion for entry of judgment for arrears in alimony.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

CORRADO ARMIERI, as Administrator of the Estate of ANTONIO MOLINARI, Deceased, Appellant, v. HENRY MERTENS (Correct Name HENRY MARTENS) and Another, Respondents.—

Per Curiam. The defendant Mertens having defaulted in pleading the plaintiff was entitled to recovery of damages against him upon an assessment. As to the defendant Vincelli the negligence of Mertens is material for there was evidence sufficient to support a finding that Mertens was an employee of defendant Vincelli. In our opinion a question of fact as to Mertens' negligence was presented by the evidence. Before starting to back his truck the defendant Mertens looked in the direction where the deceased was working. He saw men working near the course, if not actually in the course, he was to take while backing his truck. Mertens testified that he was unable to say when he looked whether or not any one was actually within that course. Mertens then proceeded to back without warning to the men and struck plaintiff's intestate after backing scarcely more than a truck length. There was evidence from which the jury could have found that the plaintiff's intestate was working with his face away from the approaching truck and was in the place where he was struck when the truck began to back. Under these circumstances the question of defendant Mertens' negligence was for the jury. The plaintiff's evidence did not establish the contributory negligence of his intestate as matter of law. All concur, except Taylor and Crosby, JJ., who dissent as to defendant Vincelli and vote for affirmance as to him. (The judgments were for defendants in an automobile negligence action.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

MICHAEL A. CRAGE, Appellant, v. THE CITY OF BUFFALO, Respondent.— Judgment affirmed, with costs. Finding of fact No. 14 of plaintiff's requests to find modified by striking out the words " and direction " in the last line thereof, and a new finding made as follows: " The trench was not a part of the sewer system of the City of Buffalo." All concur, except Thompson and Lewis, JJ., who dissent and vote for reversal on the law and for judgment in favor of the plaintiff for the amount of damages found. (The judgment dismisses the complaint in an action to enjoin maintenance of a nuisance and for damages.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.